UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY MCKINNEY,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE, INC., ET AL,<br><br>        Defendants. | Case No.: 5:10-CV-01177 EJD |
| NATHAN NABORS,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>        Defendant. | Case No.: 5:10-CV-03897 EJD<br><br>**ORDER CONSOLIDATING CASES** |

On August 30, 2011, this court ordered the parties in the above-captioned cases to file a joint statement addressing whether the cases should be consolidated and, if so, proposing a schedule for nomination of Lead Plaintiff and Lead Counsel. On September 9, 2011, the parties submitted a statement in which they agree the cases should be consolidated. Based on the joint statement, the court orders consolidation of the above-captioned cases.

1

Case No.: 5:10-CV-01177 5:10-CV-03897 EJD
ORDER CONSOLIDATING CASES

## I. BACKGROUND

Although the classes are defined slightly differently in the two actions, both cases were filed on behalf of persons who purchased the Google Phone through www.google.com at any time between January 5, 2010 and the present. On January 29, 2010, Plaintiff Mary McKinney ("McKinney") filed her complaint against T-Mobile USA, Inc. ("T-Mobile"), HTC Corporation, and Google Inc. ("Google") in the Superior Court of California, Santa Clara. The case was removed to this court on March 22, 2010. Chief Judge Ware dismissed the claims against T-Mobile, leaving HTC and Google ("Defendants") as the only remaining Defendants. On August 31, 2010, Plaintiff Nathan Nabors ("Nabors") filed his complaint against Google in this court. On October 22, 2010, Chief Judge Ware found these two actions were related to each other.

On April 25, 2011, both cases were reassigned to the undersigned. On August 30, 2011, this court granted motions to dismiss the Second Amended Complaint in McKinney and the First Amended Complaint in Nabors and ordered McKinney and Nabors to file amended complaints no later than September 30, 2011.

## II. DISCUSSION

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F. 2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

Having reviewed the most recent complaints filed in both of these actions, the court finds the two actions name the same core defendants and assert the same claims based on substantially the same core allegations of fact. Given the common issues of law and fact involved in these related cases, the court finds it appropriate to consolidate these cases.

The joint statement reflects that the parties agree the law firms of Plaintiffs' attorneys should serve as co-Lead Counsel. The parties disagree, however, as to who should be appointed

Lead Plaintiff. Plaintiffs propose that McKinney and Nabors serve as co-Lead Plaintiffs. Defendants propose a single Lead Plaintiff be appointed and propose that McKinney be the one selected. The court notes the parties' stated preferences and declines to issue an order regarding appointment of Lead Plaintiff or Lead Counsel in the absence of formal motions.

### III. CONCLUSION

IT IS HEREBY ORDERED that the above-captioned cases be consolidation. The Clerk shall consolidate these actions. Case No. 5:10-CV-01177 EJD is the earlier filed action and therefore shall be the lead case. Plaintiffs shall file a Consolidated Complaint no later than September 30, 2011.

IT IS FURTHER ORDERED that any motions for appointment of Lead Counsel and Lead Plaintiff shall be filed no later than September 30, 2011 and will be heard on November 4, 2011 at 9 a.m. The briefing schedule shall comply with Civ. L.R. 7.

Dated:  Ugr vgo dgt "37." 4233

EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:10-CV-01177 5:10-CV-03897 EJD
ORDER CONSOLIDATING CASES